FILED
2021 May-27  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHRIS HAMLET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CV No.:**_____ |
| **v.** | ) | |
| | ) | |
| **CHAMBERS BOTTLING COMPANY,** | ) | |
| **LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Chris Hamlet, and files this Complaint for discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), against Defendant Chambers Bottling Company, LLC ("Chambers"). As grounds for his Complaint, Plaintiff shows this Court the following:

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e, *et seq.*

2.  Plaintiff has fulfilled all conditions precedent to the brining of this action under Title VII and Section 1981. Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission

("EEOC") on or about December 4, 2020. (EEOC Complaint attached as Exhibit 1). Plaintiff was issued a Notice of Right to Sue from the EEOC on March 11, 2020. (Notice of Right to Sue attached as Exhibit 2), and timely files this lawsuit within 90 days of receipt of said notice.

3. The Defendant is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a fifty-five (54) year old African American male, who is a citizen of the United States and resident of the state of Alabama. At all times material to this lawsuit, Plaintiff was over the age of 19 years old, a resident of this judicial district, and employed by Defendant.

5. Defendant, Chambers, is a foreign limited liability company formed in Delaware. Defendant regularly conducts business and employs workers within this judicial district and division. At all times material to this action, Defendant employed Plaintiff. Defendant is an entity subject to suit under Title VII and Section 1981. Upon information and belief, Defendant collectively employs 200 or more individuals.

## FACTS

6.  Chambers is a foreign limited liability company doing business in Huntsville, Alabama.

7.  Chambers is a bottling company that distributes soft drink products to its customers.

8.  Chambers operates a warehouse in Huntsville, Alabama.

9.  In or about May 2010, plaintiff was hired by Defendant as a warehouse supervisor at its facility in Huntsville, Alabama.

10. As a warehouse supervisor, plaintiff's job duties included, among other things, overseeing warehouse operations, ensuring that trucks are loaded properly, placing orders for pickers, and ensuring that orders had been properly filled.

11. Since hire, plaintiff has been continuously and exclusively employed by Chambers.

12. During his tenure at Chambers, plaintiff was discriminated against on the basis of his race.

13. Plaintiff was targeted, harassed, singled out, and treated differently because of his race.

14. Caucasian employees were routinely treated more favorably than plaintiff.

15. Plaintiff was written up three times during his employment at Chambers. Plaintiff maintains that he was subject to discipline because he is an African American.

16. On November 25, 2016, plaintiff was written up for tardiness and job performance. As it relates to performance, plaintiff was disciplined for delivering a shipment to a grocery store and failing to get a signature to confirm delivery. Plaintiff was unable to obtain a delivery signature because the handheld unit utilized by the defendant for signatures was not working. Plaintiff attempted to fix the unit himself and called IT for assistance. Plaintiff called Chambers Manager, Curt Burford and explained the situation. Plaintiff was instructed to have the driver leave the load with the customers and obtain a signature the next day. It was not uncommon to get a signature for delivery the next day if the handheld went down. Plaintiff complied with the instructions of his manager but was disciplined for failing to obtain a delivery signature. Plaintiff asserts that other employees who have engaged in the same conduct have not been disciplined. Plaintiff maintains that he was targeted and singled out for disciplinary action because of his race.

17. On March 13, 2017, plaintiff was again disciplined for job performance. Plaintiff was written up for failing to complete tasks that should be done

only if pallets are finished early and time permits. Plaintiff asserts that he was unable to complete these items on his shift because the warehouse was short-handed. Plaintiff asserts that other employees who have engaged in the same conduct have not been disciplined. Plaintiff maintains that he was targeted and singled out for disciplinary action because of his race.

18. On May 19, 2020, plaintiff was written-up not having possession of his company keys. Other warehouse employees including George Hood (Caucasian) have engaged in this same conduct; however, plaintiff, an African American, was the only employee disciplined.

19. Prior to September 29, 2020, plaintiff was advised by employees of Chambers that both he and George Hood would be terminated, but that Chambers would rehire the Caucasian warehouse supervisor.

20. On or about September 29, 2020, plaintiff and fellow Caucasian warehouse supervisor, George Hood, were terminated by Chambers.

21. As a pretext for plaintiff's termination, defendant told plaintiff that a department reorganization (i.e. reduction in force).

22. Defendant's true reason for terminating plaintiff, under a guise of a departmental reorganization, was to terminate plaintiff on the basis of his race.

23. The same day as the termination, personnel within the Chambers human resources department contacted Mr. Hood and advised him that the company had plans to rehire him.

24. Mr. Hood had only worked with the company for approximately two-years, while plaintiff had been with the company for ten years.

25. Chambers had no intention of rehiring plaintiff and used the alleged department reorganization/ reduction in force as an excuse to discriminate against him on the basis of race.

26. Defendant immediately re-hired a Caucasian employee with significantly less experience than plaintiff directly after terminating both Mr. Hood and plaintiff in a purported reduction in force/business reorganization.

27. Plaintiff asserts that a reduction in force was not necessary and is mere pretext for discrimination.

28. The COVID-19 pandemic did not impact the warehouse to the point that a reduction in force was needed. During the pandemic, employees in the warehouse have continuously worked. Temporary workers were hired to help the company meet the demands of its customers. Warehouse sales had actually increased, and as a result, plaintiff, other warehouse employees, and temporary workers received bonuses. Shortly before plaintiff's termination, a floater was hired as a warehouse supervisor.

29. The only employees who were terminated as a result of the purported reduction in force/business reorganization were African American.

30. Plaintiff's termination was based on Defendant's hostility towards plaintiff based upon his race.

31. Plaintiff maintains that any allegation of "poor performance" on his part or the need for a reduction in force/ business reorganization are pretextual.

32. Defendant has engaged in a pattern and practice of harassing and discriminating against African American employees.

33. Defendant treats Caucasian employees more favorably than African American employees. Caucasian employees are not held to the same standards as African American employees.

34. Plaintiff was discriminated against on the basis of his race with regards to the terms and conditions of his employment.

## COUNT ONE – TITLE VII

35. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

36. Plaintiff is protected from unlawful racial discrimination pursuant to Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq.* Title VII prohibits discrimination on the basis of race with respect to an

individual's compensation, terms, conditions, or privileges of employment.

37. Defendant discriminated against Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq*.

38. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, the return of his personal protective equipment, and such other additional relief as the Court deems equitable and appropriate.

## COUNT TWO – SECTION 1981

39. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

40. Defendant discriminated against Plaintiff on the basis of his race with respect to his continued employment and other terms and conditions of employment in violation of 42 U.S.C. § 1981.

41. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

8

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Respectfully submitted,

Jay E. Emerson, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

OF COUNSEL

9

**Copy Served Upon:**

Chambers Bottling Company, LLC
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2021-00558 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Chris Hamlet | 256604. | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| | ... ¾, Huntsville, AL 35810 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Chambers Bottling Company, LLC | Unknown | 2565324545 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2700 Meridian Street, Huntsville, AL 35811 / P. O. Box 2709, Huntsville, AL 35804 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es) )*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

PLEASE SEE ATTACHED "STATEMENT OF CLAIM"

RECEIVED
U.S. EEOC

DEC - 4 2020

Birmingham District Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | JAY Emerson<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11/30/2020    Chris Hamlet<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>3  2... |

EXHIBIT

tabbies

1

420-2021-00558

## STATEMENT OF CLAIM

Before me personally appeared Chris Hamlet, who after being duly sworn did depose and say as follows:

My name is Chris Hamlet and I am an African American over the age of 19 years and a resident citizen of Huntsville, Madison County, Alabama. I have personal knowledge of the facts contained in this Statement.

I was hired by Chambers Bottling Company, LLC in or about May of 2010 as a Supervisor in the Warehouse. I continued to perform my duties as a Supervisor without incident. I did not have any disciplinary action, disciplinary problem, or performance issue while employed by Chambers Bottling Company, LLC.

I enjoyed my position, got along well with management and thought I had a long and prosperous career in front of me with Chambers Bottling Company, LLC.

A short time before my termination, a new person, a new "floater" was hired as a Warehouse Supervisor in a Warehouse Supervisor position. This person had a very short longevity with the company. Shortly after this individual was made a "floater", I was told by persons who had information that me and the other Warehouse Supervisor in our department, who happened to be white, were going to be terminated and it was going to be allegedly as a result of a reorganization. But, the white supervisor, who had less seniority than I did, would be rehired.

On or about September 29, 2020, I received a note from Nancy Klatt, Human Resources Manager, which stated that I was being released from my position as a result of a department reorganization. The other Warehouse Supervisor, who is white, George Hood, was also released that day, however, he was returned to work at the same or better pay within a couple of weeks. This was just as promised to me in advance.

Upon information and belief, the only other person who lost their job as a result of the sham reorganization was also African American.

420-2021-00558

This company has a pattern and practice of racial discrimination and harassment as it relates to African American employees. The company has a long history of being insensitive to complaints made by African Americans regarding racial statements which are offensive, including white power, complaining African Americans dogs, belittling statements regarding African Americans. I believe that Chambers Bottling Company, LLC discriminated against me on account of my race and I seek to recover all damages allowed by law including backpay, front pay, damages for emotional distress and attorney fees.

CHRIS HAMLET

STATE OF ALABAMA
MADISON COUNTY

I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, personally appeared before me, CHRIS HAMLET, who is known to me and who by me being first duly sworn, state under oath that the facts stated in the foregoing are true and correct and that he/she affixed his/her name to the same.

Sworn and subscribed before me on this the 30day of November, 2020.

Notary Public
Commission expires: 3. 20.2022

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Chris Hamlet** | From: | **Birmingham District Office** |
| --- | --- | --- |
| | | **Ridge Park Place** |
| | | **1130 22nd Street South** |
| **Huntsville, AL 35810** | | **Birmingham, AL 35205** |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| **420-2021-00558** | **MICHAEL COCHRAN, Investigator** | **(205) 651-7047** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*for* James E. Love Sr

Digitally signed by James E. Love Sr
DN: cn=James E. Love Sr, o=EEOC, ou=EEOC, email=james.love@eeoc.gov, c=US
Date: 2021.03.05 17.36:52 -05'00'

**MAR 1 1 2021**

Enclosures(s)

**BRADLEY A. ANDERSON, District Director**

*(Date Issued)*

cc:
**Chambers Bottling Company**
**c/o Frederick L. Warren**
**Ford & Harrison LLP**
**271 17TH ST NW, STE 1900**
**Atlanta, GA 30363**

**Jay Emerson, Esq.**
**HIGGS & EMERSON**
**405 Franklin Street**
**Huntsville, AL 35801**

**EXHIBIT**

tabbies®

2